FILED
MISSOULA, MT

2006 FEB 9 AM 11 43

PATRICK E. DUFFY
BY _____
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| KYLE M. YOUNG, | CV 03-34-H-CSO |
| Plaintiff, | |
| vs. | ORDER |
| BILL SLAUGHTER; JOHN STRANDEL; OFFICER R. ENGLISH; LT. GOAZIOU; CAPT. O'FALLON; MARY GREEN, sued in their individual capacities; UNIDENTIFIED or UNKNOWN JOHN and JANE DOES I THROUGH XX, | |
| Defendants. | |

On August 8, 2005, United States Magistrate Judge Carolyn S. Ostby filed Findings and Recommendation in this matter. Plaintiff, a state prisoner proceeding pro se, timely objected on August 24, 2005. Plaintiff is therefore entitled to de novo review of the record. 28 U.S.C. § 636(b)(1).

### Background

Defendants filed a motion for summary judgment on the only remaining claim in this case, Count I of the Second Amended

1

Complaint as supplemented.  In Count I, Young alleges that pursuant to an illegal policy in place at the Cascade County Detention Center, he was refused access to the law library and paralegal assistance.  Young claims that as a result he was prevented from appealing his sentence revocation and from filing for sentence review.  According to Young, if he had had access to the legal materials he requested, specifically Title 46 of the Montana Code Annotated, he could have appealed the revocation of his entire suspended sentence and applied for sentence review.  Defendants contend that Young could easily have applied for sentence review by signing a simple form he was provided, and that Young actually did file a Notice of Appeal.  Thus, Defendants claim that Young cannot show any actual injury attributable to his lack of access to legal materials.

### Analysis

Upon de novo review of the record, I find no error in Judge Ostby's Findings and Recommendation.  Even construing the pleadings liberally and affording Young the benefit of any doubt, it is clear he cannot show that he was deprived of meaningful access to the courts as a result of the Cascade County Detention Center's policy that kept him from accessing legal materials.

In order to have standing to bring an action alleging a violation of his right to meaningful access to the courts, Young is required to show actual injury.  See Lewis v. Casey, 518 U.S.

2

343, 349 (1996). That means that Young must demonstrate that being denied access to the law library or legal assistance "hindered his efforts to pursue a legal claim." Id. at 351. For example, Young could have shown actual injury had he alleged that his inability to access legal materials made him ignorant of the technical requirements for filing his appeal, which resulted in his appeal never being filed or ultimately being dismissed. Id.

As Judge Ostby noted, the record reflects that Young had knowledge of the technical requirements for filing his appeal and applying for sentence review, including the deadlines for those filings. Young was provided with an application form for sentence review, and he showed that he was aware of the filing deadline for his Notice of Appeal in his kites to prison officials. The fact that he was deprived of access to the law library or legal research materials did not prevent him from filing a timely Notice of Appeal, a form that does not require a stated basis for the appeal.

Although he did not raise the contention before, Young now contends that "[i]f he was allowed access to the law books when he requested them he would have known [that filing a Notice of Appeal without a stated basis] was an option."[1] Objections at 2.

---

[1] Pursuant to Espinoza-Matthews v. California, 432 F.3d 1021, 1026 n.4 (9th Cir. 2005), I am exercising my discretion to review the supplemental contention offered by Young, who at all times has been a pro se petitioner.

3

However, Young requested a copy of Title 46 of the Montana Code Annotated. Montana's criminal statutes would not have provided Young with information regarding a Notice of Appeal. Had he been provided access to the legal materials he requested, he still would not have learned, if he indeed did not know, that a Notice of Appeal need not contain a stated basis for appeal. Thus, Young cannot show that the Defendants' conduct prevented him from learning the requirements for filing a Notice of Appeal.

For the foregoing reasons, IT IS HEREBY ORDERED that

1. Judge Ostby's Findings and Recommendation (dkt #49) are adopted in full.

2. Defendants' Motion for Summary Judgment (dkt #36) is GRANTED.

3. The Clerk is directed to enter Judgment in favor of all Defendants and against Plaintiff.

4. The docket should reflect that Young's filing of this action counts as one strike against him pursuant to 28 U.S.C. § 1915(g).

DATED this ___ day of February, 2006.

Donald W. Molloy, Chief Judge
United States District Court